FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 10 2006 ★
BROOKLYN OFFICE

ORIGINAL
C/M
D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARCIA ONIKA RICHARDS,

                    Plaintiff,

    -against-

U.S. CENTRAL INTELLIGENCE AGENCY and
U.S. FEDERAL BUREAU OF INVESTIGATION,

                    Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
05-CV-3967(FB)

*Appearances:*
*For the Plaintiff:*
MARCIA ONIKA RICHARDS, *pro se*
169-18 140th Avenue
Springfield Gardens, New York 11413

**BLOCK, District Judge:**

      Plaintiff Marcia Onika Richards ("Richards") brings this *pro se* action pursuant to 42 U.S.C. § 1983, the Alien Tort Claims Act, 28 U.S.C. § 1350, and various international declarations and conventions, including the United Nations Convention Against Torture ("CAT"), alleging that the Central Intelligence Agency ("CIA") and Federal Bureau of Investigation ("FBI") (collectively "defendants") have been unlawfully investigating her for over five years and that she has been threatened and physically attacked by unnamed federal employees. The Court reviews the sufficiency of Richards's complaint *sua sponte*, pursuant to 28 U.S.C. §1915(e)(2)(B). Although Richards's complaint does not satisfy the requirements of Fed. R. Civ. P. 8, she is granted leave to amend her

complaint within 30 days of the filing of this Memorandum and Order to afford her the opportunity to do so.

I.

Richards alleges that she has been under constant surveillance by defendants' "employees" for more than five years. Compl. at 3. According to Richards's complaint, these employees "stalk ... [her] every time she leaves her home" and record "[a]ll of . . . [her] waking moments . . . 24 hours a day." *Id.* In addition, the defendants are allegedly controlling "[a]ll of . . . plaintiff's everyday transactions," including her bank transactions; limiting her library usage by withholding certain materials from her; preventing her from obtaining "medical attention or other needed assistance" by disseminating portions of her medical records for the "purpose of discouraging dissent"; and "making it impossible for . . . [her] to function" in a work or school environment.

Richards, who denies having a criminal record or having engaged in any criminal activity, asserts that she has repeatedly, but unsuccessfully, sought an explanation for this "[i]ntrusive, inhumane surveillance" and interference with all aspects of her life. *Id.* She alleges that she has attempted to contact unspecified "government officials, government or private agencies, civil rights organizations . . . [and] independent lawyers," but claims that either her communications have been intercepted or defendants have convinced the recipients that Richards is a "trouble maker" or "crazy." *Id.* Richards's complaint also states that "parties asked to assess this matter are partial to the defendants, as they are employees of or are intimidated by the defendants' 'air of power,'" suggesting

2

that she may have attempted to resolve her complaints through some type of formal or informal proceeding. *Id.*

Richards's complaint further alleges that unnamed federal employees have threatened, assaulted, and attempted to kill her. Richards claims that she was "physically attacked by a federal employee on at least 2 separate occasions"; that "many federal employees" have made death threats against her; and that "federal agents" have subjected her to "deliberate humiliations, public ridicule, slander, mocking and threats of violence." *Id.* Richards also alleges that she "was deliberately exposed to some form of airborne pathogen . . . on 2 occasions"; according to Richards, this exposure nearly killed her, and she suffers from its effects "to a lesser extent." *Id.*

On August 10, 2005, Richards filed the present complaint, asserting that defendants' actions violated her rights under the Fourth, Sixth and Eighth Amendments of the United States Constitution, as well as federal and international laws proscribing "torture." *Id.* at 1.[1] She seeks injunctive relief and "restitution" in the amount of $22 million; she also requests a "public and written apology," a "full and thorough explanation concerning the nature, cause and purpose of the entire investigation," and a "law . . . which would abolish every illegal practice which resulted in her ruin at the hands of the defendants." *Id.* at 4.

---

[1] In addition to various international conventions, Richards's complaint cites to a number of federal statutes, including 18 U.S.C. § 2340, which defines torture as "an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control."

3

II.

A. Failure to Comply with Fed. R. Civ. P. 8

"When [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe [her] pleadings liberally." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Nonetheless, regardless of whether a plaintiff is represented by counsel or proceeding *pro se*, her complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. *See Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 (a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." The rule is designed to give a defendant sufficient notice of the claim or claims asserted so as to enable the defendant to answer and prepare for trial. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

An inadequately pleaded complaint generally takes one of two forms: "first, it may be so poorly composed as to be functionally illegible; and, second, it may be so baldly conclusory that it fails to give notice of the basic events and circumstances of which the plaintiff complains." *Shuster v. Oppleman*, No. 96 Civ. 1689 (JGK), 1999 WL 9845, at *3 (S.D.N.Y. Jan. 11, 1999) (citing *Duncan v. AT&T Communications, Inc.*, 668 F.Supp. 232, 234 (S.D.N.Y. 1987)). In this case, the complaint fits squarely within the second category. Although Richards alleges that all of the events took place within the last five years, she does not provide dates on which any of the events alleged in the complaint occurred. Richards also does not identify where the specific events took place, or name the federal

agencies or employees who were involved. As a result, it is unclear, for example, when and where Richards was exposed to "some form of airborne pathogen"; when, where and by whom Richards was "physically attacked" or threatened; which government officials or agencies Richards contacted with respect to these events; or which parties Richards asked to "assess this matter." Compl. at 3.

In addition, Richards's complaint does not include the events and circumstances upon which her claims of pervasive CIA and FBI intrusion into her personal affairs are based. Richards does not set forth any facts to substantiate her claim that defendants' employees are stalking her, recording all of her "waking moments," controlling her bank transactions, limiting her access to library materials, and improperly disseminating her medical records. *Id.* Richards's complaint also does not explain why she seeks to bring this action under the Alien Tort Claims Act, or clarify whether she has ever been within the defendants' "custody or physical control," which is a prerequisite for "torture" as defined in 18 U.S.C. § 2340.

Where a complaint fails to comply with the requirements of Rule 8, a district court "has the power, on motion or *sua sponte*, to dismiss the complaint." *Simmons*, 49 F.3d at 86; *see also Salahuddin*, 861 F.2d at 42. If a court dismisses a complaint for failure to comply with Rule 8, "it should generally give the plaintiff leave to amend." *Simmons*, 49 F.3d at 87. However, "[c]ourts have the power to dismiss without leave to amend or replead in extraordinary circumstances, such as where . . . the substance of the claim pleaded is frivolous on its face." *Aquino v. Prudential Life & Casualty Ins. Co.*, 2005 WL 486563, at *14 (E.D.N.Y. Mar. 1, 2005) (citations and quotation marks omitted). An action

5

is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations and quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Some of Richards's claims – most notably, the allegations that unspecified federal employees assaulted, threatened and otherwise abused Richards because they believed her to be a "trouble maker" or "crazy" – are plausible and cannot be dismissed as frivolous. Other assertions – such as Richards's claim that federal agencies devoted the considerable resources necessary to subject her to 24-hour surveillance – verge on the wholly incredible.[2] However, since this Court determines that Richards should be given leave to amend her complaint to clarify the former claims, it will also grant Richards leave to amend the latter claims.

## B. Requirements of Amended Complaint

Richards cannot bring this action pursuant to 42 U.S.C. § 1983, which provides relief for constitutional violations by defendants who act only under color of state, not federal, law. *See Perez v. Hawk*, 302 F.Supp.2d 9, 18 (E.D.N.Y. 2004). However, Richards is not precluded from seeking injunctive relief against the defendants for violations of her

---

[2]While allegations of persecution by the FBI and CIA frequently prove to be paranoid delusions, such allegations have historically, on rare occasions, proved to have some basis in fact. *See United States v. United States Dist. Court for Eastern Dist. of Mich., Southern Division*, 407 U.S. 297, 329-30 (1972) (Douglas, J., concurring).

constitutional rights, and Richards may also be able to state a claim against defendants' employees or agents for monetary relief under the rule of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).[3] If Richards chooses to file an amended complaint based upon claims that defendants are abusing and harassing her or subjecting her to constant surveillance or interfering with her daily activities, the complaint must allege the specific facts upon which those allegations are based, including identification of the improper actions that were allegedly taken, by whom those actions were taken, and where and when the alleged events occurred. If Richards chooses to pursue claims for monetary relief against defendants' employees, her amended complaint must either name those federal employees involved in the events or provide a description sufficient to identify those individuals.

### III.

For the reasons set forth above, plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order. The amended complaint must be captioned, "Amended Complaint," and bear docket number 05-CV-3967(FB). The caption of the amended complaint must also include as defendants all individuals that plaintiff wishes to sue. *See* Fed. R. Civ. P. 10(a).[4] No summons shall issue at this time and

---

[3] In *Bivens*, the Supreme Court held that a cause of action against federal officers for money damages could be inferred directly from the Constitution.

[4] If plaintiff does not know the names of the individuals, she may refer to them in the caption as "John Doe" or "Jane Doe." She must take reasonable steps to learn their names, and must amend her complaint to list them by name before the statute of limitations expires. *See, e.g., Covington v. Warden of C-95*, 1996 WL 75211, at *4-*5 (E.D.N.Y. Feb. 8, 1996).

7

all further proceedings shall be stayed for thirty (30) days. If plaintiff fails to amend her complaint within thirty (30) days as directed by this Order, a judgment shall be entered dismissing the complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, NY
January 4, 2006